UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
MOSES USEN,

                                        Plaintiff,

        -v.-                                                    1:06-CV-0078
                                                                (GLS)(RFT)


ANGELA DASHNAW,

                                        Defendant.
--------------------------------------------------------------------------
APPEARANCES:

MOSES USEN
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE


## DECISION and ORDER

### I.    Background.

        Presently before this Court is an Application to Proceed *In Forma Pauperis* and a

Complaint filed by Moses Usen ("Plaintiff" or "Usen").  Usen has not paid any fee

relating to this action.

        For the reasons stated below, Plaintiff's Complaint is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

### II.   Discussion.

        Consideration of whether a *pro se* Plaintiff should be permitted to proceed *in

forma pauperis* is a two-step process.  First, the Court must determine whether the

Plaintiff may proceed with the action without prepaying, in full, the $250.00 filing fee.

The Court must then consider whether the causes of action stated in the Complaint are,

*inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be

granted.  28 U.S.C. § 1915(e)(2)(B).

**A.     Application to Proceed *In Forma Pauperis*.**

In the present case, the Court is unable to determine from the information presented whether Usen's financial status qualifies him to file or "commence" this action without prepaying in full the $250.00 filing fee as there is no indication on the application of Plaintiff's actual income.  However, in light of the Court's ruling on the substantive merit of this Complaint, the Application to Proceed *In Forma Pauperis* will be denied as incomplete.

**B.     The Merits of the Complaint.**

Turning to the second inquiry, pursuant to 28 U.S.C. § 1915(e), there is a responsibility on the Court to determine that a Complaint may be properly maintained in the District before it may permit a Plaintiff to proceed with an action *in forma pauperis*. *Id.*

**1.     The Claim for Relief.**

Plaintiff's Complaint alleges that the Defendant made allegations in another law suit that have defamed him, discriminated against him, and caused him emotional pain and suffering.  Plaintiff alleges that he brings this cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e *et seq*. ("Title VII") and New York Human Rights Law.  Plaintiff seeks monetary damages.[1]

**2.     Discussion.**

Initially the Court notes that the Complaint in this action fails to set forth sufficient facts to state a cause of action against the Defendant.  Moreover, the Court has

---

[1]The other action, pending in this Court, that involves both parties herein, is *Dashnaw v. Usen et al.,* 1:05-CV-1592(GLS/RFT).  It is a claim based upon 42 U.S.C. §2000e alleging sexual harassment and sexual discrimination. Usen is one of several Defendants in that action.  Both Usen and the Defendant herein are represented by legal counsel in *Dashnaw v. Usen et al.*

reviewed the instant Complaint as well as the other action involving these two parties and, it appears, that they were co-workers.  However, actions based upon Title VII must be asserted against an employer, not an individual supervisor or co-worker. Plaintiff is advised that in the Second Circuit, individual defendants, even those "with supervisory control over a plaintiff may not be held personally liable under Title VII." *Bembry v. Darrow*, 97 F.Supp.2d at 285 (N.D.N.Y. 2000) (Munson, S.J.), *aff'd* 2001 WL 290486 (2d Cir. 2001) quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

     In addition, this action is based upon allegations set forth in a Complaint by legal counsel in another legal proceeding.  Under New York law, "[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *Aequitron Medical, Inc. v. Joseph F. Dyro and Biomedical Resources, Inc.*, 999 F.Supp. 294, 297-98 (E.D.N.Y.1998) (citing *O'Brien v. Alexander,* 898 F.Supp. 162, 171 (S.D.N.Y.1995)). The test of "pertinency" is extremely broad and embraces "anything that may possibly or plausibly be relevant or pertinent with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Id.* (citing *Grasso v. Mathew,* 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (3d Dept. 1991)).  Thus, statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made.  *Id.* (citing *Herzfeld & Stern, Inc. v. Beck,* 175 A.D.2d 689, 572 N.Y.S.2d 683, 685 (1st Dept. 1991));  *see also Park Knoll Assoc. v. Schmidt,* 59 N.Y.2d 205, 206, 464 N.Y.S.2d 424, 451 N.E.2d 182 (1983).  In the instant case, the statements in question, which appear in a Complaint filed with this District Court, are clearly pertinent to the

litigation in which they were made.  As a result, they are entitled to absolute immunity. If

Plaintiff believes he is entitled to assert some type of counterclaim in the other action,

he should take that issue up with his legal counsel.

Since Plaintiff's Complaint, as presented to this Court, fails to state a claim upon

which relief can be granted, it must therefore be dismissed pursuant to 28 U.S.C. §

1915(e).

WHEREFORE, it is hereby

ORDERED**,** that leave to commence this action *in forma pauperis* is denied as

incomplete, and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy this Order on Usen by regular mail.

IT IS SO ORDERED.

It is hereby certified that any appeal from this matter would not be taken in good faith
pursuant to 28 U.S.C. § 1915(a)(3).


Dated:        March 20, 2006
              Albany, New York

Gary L. Sharpe
U.S. District Judge